# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

**JAMES DONALD LACEY**

                Debtor(s)

Chapter:      13
Case Number: 5-22-02207

## <u>CERTIFICATE OF MAILING</u>

**The undersigned employee in the office of:**

**Tullio DeLuca, Esquire**

hereby certifies that a copy of the attached Order approving Motion to Shorten Notice Period, Notice and Debtor's Motion to Approve Private Sale of Personal Property Free and Clear of All Liens, Charges and Encumbrances was e-mailed today to all parties named on the mailing list attached.

DATED:  <u>October 7, 2024</u>

SIGNED: *Lisa Manchak*

TITLE:   <u>Legal Assistant</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| **James Donald Lacey,** | : | Case No. 5:22-bk-02207-MJC |
| | : | |
| Debtor. | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | |
|---|---|
| **James Donald Lacey,** | : |
| | : |
| **Movant,** | : |
| | : |
| | : |
| **Internal Revenue Service,** | : |
| **Pennsylvania Department of Revenue,** | : |
| **Pennsylvania Department of Labor,** | : |
| **Pennsylvania Liquor Control Board,** | : |
| **Jack N. Zaharopoulos, Esquire,** | : |
| **Chapter 13 Trustee,** | : |
| | : |
| **Respondents.** | : |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER APPROVING DEBTOR'S MOTION TO SHORTEN NOTICE PERIOD ON DEBTOR'S MOTION TO APPROVE PRIVATE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CHARGES AND ENCUMBRANCES

**AND NOW,** upon consideration of Debtor's Motion to Shorten Notice Period to Fourteen

Days on Debtor's Motion to Approve Private Sale of Personal Property Free and Clear of Liens,

Charges and Encumbrances, Dkt. # 78 ("Motion'), it is hereby

**ORDERED** that Debtor's Motion to Shorten Notice Period to Fourteen Days under

Bankruptcy Rule 2002 is **GRANTED** and that Movant **SHALL FILE AND SERVE** the Notice

on all respondents, creditors and parties in interest via first class mail with postage pre-paid thereon

**not later than October 7, 2024 at 5:00 P.M.**; it is further

**ORDERED** that Movant **SHALL FILE AND SERVE** the Motion to Approve Private

Sale on the appropriate parties via e-mail or facsimile **not later than October 7, 2024 at 5:00**

**P.M. with a copy of this Order;** it is further

ORDERED that Movant **SHALL FILE** a Certification of Service evidencing service of

the Notice and Motion to Approve Private Sale **not later than 12:00 p.m. (noon) on October 8,**

**2024**; and it is further

ORDERED that in the event that no responses or objections are filed, the Court may issue

an Order approving the Motion to Approve Private Sale; however, in the event responses or

objections are filed, a hearing will be held on **Tuesday, October 22, 2024 at 10:00 A.M.** in the

United States Bankruptcy Court, Max Rosenn U.S. Courthouse, Courtroom 2, 197 S. Main Street,

Wilkes-Barre, Pennsylvania 18701.

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: October 7, 2024

IN RE:                                          :
                                                :         CASE NO. 5-22-02207
JAMES DONALD LACEY                              :
                              Debtor.           :         CHAPTER 13
**************************************************************************
JAMES DONALD LACEY                              :
                              Movants,          :
                                                :
         vs.                                    :
INTERNAL REVENUE SERVICE,                       :
PENNSYLVANIA DEPARTMENT OF                      :
REVENUE, PENNSYLVANIA                           :
DEPARTMENT OF LABOR &                           :
INDUSTRY, PENNSYLVANIA LIQUOR                   :
CONTROL BOARD and JACK N.                       :
ZAHAROPOULOS, ESQUIRE,                          :
CHAPTER13 TRUSTEE                               :
                              Respondents.      :

**************************************************************************

### NOTICE OF DEBTOR'S MOTION TO APPROVE PRIVATE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CHARGES AND ENCUMBRANCES

**************************************************************************

NOTICE IS HEREBY GIVEN THAT:

Debtor, James Donald Lacey resides at 444 East Main Street, Nanticoke, PA and seeks leave to sell personal property of the above captioned case described as Restaurant Liquor License R961 LID No. 9710 to Pizza Althea, LLC for the sum of Fifty Six Thousand ($56,000.00) Dollars. The sale is to be free and clear of all liens, charges and encumbrances, with all valid liens and encumbrances to be paid at time of closing.

The proposed sale will be free and clear of any statutory liens, or other liens, charges and encumbrances. Any valid and perfected mortgage, statutory lien or other liens will attach to the proceeds of the sale with the same priority it now enjoys. Any net proceeds to be paid to the Chapter 13 Trustee for distribution in accordance with Debtors' confirmed Chapter 13 Plan.

The Debtor further request the Court to allow distribution of the proceeds from the sale of personal property as follows:

     a.     Any out-of-pocket expenses advanced by Tullio DeLuca, Esquire in connection with the sale of the aforementioned property, and which have not been reimbursed at the time of settlement along with an attorney fee of $1500.00;

b.      Debtor's exemption if any

c.      The net sale proceeds shall be paid to Jack N. Zaharopoulos, Esq., Chapter 13 Trustee.

Any inquiries regarding the sale and/or to request for copies of the motion or a time and date to examine the property prior to the sale, can be made directly to Debtor's Counsel, Tullio DeLuca, Esquire.

Hearing on any Answers or Objections will be heard on October 22, 2024 at 10:00am. If no objection and request for hearing are timely filed with the Bankruptcy Clerk, 197 South Main Street, Wilkes-Barre, PA 18701 to the sale of the aforementioned personal property on the above terms and conditions on or before **October 21, 2024,** the Court may grant the relief requested. If you desire to contest this matter, file a written objection in the form of responsive pleading and request a hearing with a copy to Tullio DeLuca, Esquire at the address below: Any filing must conform to the Rule of Bankruptcy Procedures unless the Court determines otherwise.

Date of Notice:   October 7, 2024         Tullio DeLuca, Esquire
                                            381 N 9th Avenue
                                            Scranton, PA 18504
                                            (570) 347-7764

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :
                                          :        CASE NO. 5-22-02207
JAMES DONALD LACEY                        :
                              Debtor.     :        CHAPTER 13
*********************************************************************************
JAMES DONALD LACEY                        :
                              Movants,    :
                                          :
       vs.                                :
INTERNAL REVENUE SERVICE,                 :
PENNSYLVANIA DEPARTMENT OF                :
REVENUE, PENNSYLVANIA                     :
DEPARTMENT OF LABOR &                     :
INDUSTRY, PENNSYLVANIA LIQUOR             :
CONTROL BOARD and JACK N.                 :
ZAHAROPOULOS, ESQUIRE,                    :
CHAPTER13 TRUSTEE                         :
                              Respondents.:
*********************************************************************************

## DEBTOR'S MOTION TO APPROVE PRIVATE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND CHARGES

*********************************************************************************

AND NOW COMES, James Donald Lacey, the Debtor, and file this Motion to Approve Private Sale of Personal Property:

1.      On November 14, 2022, James Donald Lacey (hereinafter the "Debtor") filed a Chapter 13 bankruptcy proceeding with the U.S. Bankruptcy Court for the Middle District of Pennsylvania.

2.      Debtor is the owner of a Restaurant Liquor License R961 LID No. 9710.

3.      A contract was entered into between Debtor and Pizza Althea, LLC to purchase the a Restaurant Liquor License R961 LID No. 9710 for the amount of FIFTY SIX THOUSAND ($56,000.00) Dollars. A copy of the Agreement of Sale is attached hereto and made a part hereof, marked as Exhibit "A".

4.     Debtor request an Order approving the Private Sale of Personal Property to free and clear of all liens, encumbrances and charges.

5.     Upon approval of the sale, the Restaurant Liquor License R961 LID No. 9710 will be transferred to Pizza Althea, LLC.

6.     The sale of the Liquor License will be on an "As-Is, Where-Is; With All Faults" basis. The participation of the purchaser in the sale process shall constitute an agreement and representation that the purchaser has performed independent due diligence with respect to the Liquor License and is purchasing the Liquor License solely on the basis of such due diligence;

7.     The Liquor License will be conveyed free and clear of all third-party interests, liens, claims, charges and encumbrances, with any such third-party interests, liens, claims, charges and encumbrances being divested from the Liquor License and transferred to the proceeds of sale, but only to the extent that that they are determined to be valid, enforceable and unavoidable.

8.     In an exercise of his business judgement, Movant has concluded that the sale of the Liquor License in the form and manner set forth in this Motion will result in the Estate's realizing the greatest value from the Liquor License.

9.     The Debtor further requests the Court to allow distribution of the proceeds from the sale of real and personal property as follows:

   a.     Any out-of-pocket expenses advanced by Tullio DeLuca, Esquire in connection with the sale of the aforementioned property, and which have not been reimbursed at the time of settlement along with an attorney fee of $1500.00;

   b.     Debtor's exemption if any

c.   The net sale proceeds shall be paid to Jack N. Zaharopoulos, Esq.,
     Chapter 13 Trustee.

WHEREFORE, the Debtor respectfully requests that Movant's Motion to Approve Private

Sale of Personal Property, Restaurant Liquor License R961 LID No. 9710 , be hereby approved and

an Order issued approving the sale of the above personal property free and clear of all liens,

encumbrances and charges to Pizza Althea, LLC in the amount of Fifty Six Thousand ($56,000.00)

dollars.

Respectfully submitted,

Tullio DeLuca, Esquire
PA ID# 59887
381 N. 9th Avenue
Scranton, PA  18504
(570) 347-7764

## AGREEMENT OF SALE FOR PURCHASE OF LIQUOR LICENSE

This Agreement of Sale for Purchase of Liquor License ("Agreement"), is made this _____ day of May, 2024 (the "Effective date") by and between James Donald Lacey and Mary Ruth Lacey ("Seller") with address of 438-444 E. Main St., Nanticoke, PA 18634

*AND*

Pizza Althea LLC ("Buyer") a Pennsylvania Limited Liability Company, with a business address of 2 S. Main Street, Pittston PA 18640. The Seller and Buyer are hereinafter referred to collectively as the "Parties."

### WITNESSETH:

WHEREAS, Seller is the current owner of the Restaurant Liquor License R961 LID No. 9710 ("License"), issued by the Pennsylvania Liquor Control Board (the "PLCB"); and

WHEREAS, Seller desires to sell and Buyer desires to purchase the License to transfer in to 2 Main Street, Pittston, PA 18640 ("Premises").

NOW THEREFORE, in consideration of the recited promises and the mutual covenants and agree as follows:

### AGREEMENT:

1. <u>Sale and Purchase.</u> Under and subject to the terms and conditions of this Agreement, Seller shall sell, transfer, assign, and convey to Buyer the License free and clear of all liens, encumbrances, and charges of any kind, and Buyer shall purchase and acquire the License from the Seller.

2. <u>Purchase Price.</u> The purchase price for the License to be paid to Seller shall be **FIFTY-SIX THOUSAND DOLLARS AND 00/100 ($56,000.00)** *plus or minus* any additions or deductions authorized in this Agreement, hereinafter referred to as the "**Purchase Price.**" The Parties agree the Purchase Price will be paid in the following manner:

    a. **FIVE THOUSAND DOLLARS AND 00/100 ($5,000.00)** will be deposited as hand money with the Escrow Agent, as defined in 2.b. ("Deposit")

    b. As required by the regulations promulgated by the PLCB, from the date of this Agreement until the Closing, the Purchase Price shall be evidence and secured by a

non-interest bearing promissory note for **FIFTY-ONE THOUSAND DOLLARS AND 00/100 ($51,000.00)** payable on demand, but not before Closing, made by Buyer in favor of Seller and delivered to Buyer's Counsel in its capacity as an escrow agent, ("Escrow Agent") pursuant to the terms of an Escrow Agreement attached hereto as **Exhibit A** and incorporated herein be reference, at the time of signing this Agreement (the "**PLCB Note**"). The PLCB Note shall be in the form attached hereto as **Exhibit B** and shall be delivered to the Escrow Agent to be held in escrow pending Closing or termination of this Agreement, as provided herein.

c. At the Closing, Buyer shall direct the Escrow Agent to, and the Escrow Agent shall, disburse to the Seller the Purchase Price, by check payable to Seller or by wire transfer.

3. <u>Closing</u>. The final settlement of the transactions contemplated by this Agreement ("Closing") shall be made hereunder no later than ten (10) days from the date on which Buyer receives notification from the PLCB a certificate of Approval & Letter of Authority to transfer the License to Buyer at the Premises. The Closing shall be held at Tucker Arensberg, P.C., either in-person or virtually, at a date and time mutually agreeable to the Parties.

4. <u>No Fault Termination and Approval Contingency.</u> This Agreement is contingent upon the approval of the intermunicipal transfer of the License by Pittston City, on the approval by the Pennsylvania Liquor Control Board to Buyer for use of the License at the Premises, and upon the approval by the United States Bankruptcy Court for the Middle District of Pennsylvania. In the event Buyer does not obtain approval of the transfer by the PLCB within 180 days from the date such application is filed, ("**The Contingency Period**"), Buyer may extend this Agreement for a total of two (2) thirty (30) day extensions for a fee of **ONE THOUSAND DOLLARS AND 00/100 ($1,000)** non-refundable, per extension, in addition to the purchase price. If the Parties do not mutually agree to extend the Agreement beyond the two available extensions referenced above, the Escrow Agent shall be authorized to submit the letter of withdrawal to the PLCB, attached hereto as **Exhibit C**, unless in the interim the application for transfer has been approved. Buyer reserves the right at any time to exercise an Option Agreement and purchase the rights to the License to prevent termination of the Agreement.

5. Closing Procedures. For or with respect to Closing:

a. Buyer Shall deliver to Seller: (i) The Purchase Price as herein provided; and (ii) such other documents for Seller's signature as Buyer's legal counsel reasonably may request in order to consummate the Closing, including but not limited to PLCB-1854T or PLCB-1854TP Certificate of Completion, as applicable.

b. Buyer and Seller shall each pay its own costs for the Closing and completion of the sale hereunder, including, without limitation, the fees and expenses of legal, accounting, and other personnel individually engaged by such party. Notwithstanding the aforesaid, all costs of transfer of the License (*e.g.* filing fees and legal fees) shall be borne by Buyer, with the exception of any tax payable by Seller as a result of Seller's Sale of the License.

6. <u>Seller's Representation.</u> As an inducement to Buyer to purchase, Seller represents and warrants that the following are true as of the Effective Date, and shall be true as the date of Closing:

a. If the License is not transferred by the time the License is due for renewal or validation and the Agreement continues in effect, Seller will continue to pay for renewal/validation fees for the License. Seller's breach of this subsection of the Agreement will be a material breach that gives the Buyer the right to terminate this Agreement without penalty and recover the Deposit from the Escrow Agent.

b. Seller hereby represents that the License is currently in safekeeping with the PLCB and that Seller will remain responsible for, and hereby warrants that it will promptly pay when due, any and all safekeeping fees that may be due to the PLCB to extend the safekeeping period.

c. Seller has the authority to enter into the transaction contemplated hereunder, and the performance of the obligations of Seller under this Agreement shall not violate any contract of other instrument or any judgment applicable to Seller and will be in conformity with all statutory or regulatory authority.

d. Seller has no knowledge or notice of any violation of the Pennsylvania Liquor Code and the Regulations thereunder, has no knowledge of any citation, whether threatened or pending, directed against the License, and has no knowledge of any policy or other action threatened or pending against Seller by reason of any alleged

violation of the Pennsylvania Liquor Code, the Regulations thereunder, or the Pennsylvania criminal Code. Seller further represents and warrants that in has not received any notice(s) of alleged violations (the **"Violation Notice"**) Regarding the License. In the Event that the Violation Notice or Citation is issued by the State Police Bureau of Liquor Control Enforcement (**"BLCE"**) against Seller's License during the term of this Agreement, Seller agrees to immediately notify the Buyer and to provide Buyer with a copy thereof. Seller further agrees to use its best efforts and due diligence to resolve said Violation Notice, as required by Section 7 of this Agreement.

e. Seller has full right and title to sell and transfer the License notwithstanding the bankruptcy that was filed in the United States Bankruptcy Court for the Middle District of Pennsylvania on November 14, 2022 by James Donald Lacey (Docket No.: 5:22-bk-02207-MJC), or any other matter known by Seller which might interfere with the sale of said License;

f. Seller represents that the sale of the License is contingent upon approval of the sale of the License by the United States Bankruptcy Court for the Middle District of Pennsylvania, and that such sale shall be free and clear of all liens and other encumbrances.

g. This Agreement is a legal, valid, and binding obligation of Seller and is enforceable against Seller.

h. That the License has not been the subject of an inter-municipal transfer within the past 5-year period.

i. There are no proceedings before any commission, agency, or other administrative or governmental authority pending or, to the knowledge of the Seller, threatened against or affecting Seller; and there are no outstanding awards, judgments, orders, decrees, or stipulations granted or issued by any commission, agency, or other administrative or governmental authority which adversely affect this License.

j. The license will be transferred to buyer free and clear of all liens, claims, and encumbrances, including those of any taxing authority. Buyer does not assume, and shall in no event be liable for any, liabilities, debts, or obligations of Seller to any person, whether in respect to the License purchased herein or otherwise, including,

without limitation, any liability with respect to or responsibility for : (i) any business conducted by Seller and/or any product manufactured or sold by Seller prior to the date of Closing; (ii) any claims for injuries to patrons occurring on or off Seller's premises prior to the date of Closing; (iii) liabilities incurred by Seller in connection with or pursuant to this Agreement or the Transaction contemplated hereby; (iv) obligations with may arise by reason of or with respect to the dissolution or liquidation of Seller; (v) debts, liabilities, or obligations in respect of which Seller has indemnified Buyer; and (vi) obligations for any federal, state, or local taxes of Seller.

k. Seller shall comply with all applicable statutory provisions under Pennsylvania law related to taxes (and other amounts) due to the Commonwealth of Pennsylvania and bulk sales. Seller promises and agrees to indemnify Buyer for (i) any claims of or amounts owed or becoming due to any creditors or other claimants of Seller, and (ii) any taxes, unemployment compensation contributions, charges of other sums (including interest, penalties, and additions) due or becoming due from Seller to the Commonwealth of Pennsylvania or any other governmental jurisdiction or authority, or any political subdivision thereof.

l. Seller covenants and warrants that the execution of the Agreement and the sale of the License has been duly authorized by the required corporate action and that the officer(s) of Seller executing this Agreement and the Closing documents have been duly authorized to perform those actions on behalf of Seller.

m. The performance of the obligations of Seller under this Agreement will not violate any note, mortgage, security instrument, contract, or other instrument or any judgment applicable to Seller, and will be in conformity with all statutory or regulatory authority.

n. Seller shall produce written confirmation for the applicable creditor that UCC Financing Statements, if any, have been terminated and that the License is no longer part of the collateral secured by any UCC Financing Statements.

o. Seller shall notify Buyer of any Conditional Licensing Agreements between Seller and PLCB.

p. Seller has paid all taxes and filed all tax returns. Upon request, Seller shall execute Pennsylvania Department of Revenue Power of Attorney and Declaration of

Representative (Rev-677 LE) to appoint Buyer's Counsel, Tucker Arensberg, P.C., as Seller's attorney-in-fact with regards to Seller's business taxes and its members', directors', and officers' personal taxes to receive confidential information and perform any and all acts that the Seller can perform with respect to Seller's business taxes and its members', directors', and officers' personal taxes, excluding the power to receive refund checks and the power to sign a tax return.

q. In the event that any of the above representations are not accurate and/or Seller is not able to or refuses to provide certain assurances as required, Buyer may terminate this Agreement without penalty and receive from the Escrow Agent a return of the Deposit.

7. <u>Future Citations.</u> If the BLCE shall issue a citation during the pendency of the application for transfer of the License, Seller agrees to, upon notification by the BLCE, immediately file PLCB-1947, Waiver, Admission, and Authorization, and take whatever steps are necessary to make the License eligible for transfer, including the immediate payment of any fine imposed, all at the sole expense of Seller. If the License is suspended or revoked, Buyer shall have the absolute option and privilege of rescinding this Agreement and to receive from the Escrow Agent a return of the Deposit.

8. <u>Buyer's Representation.</u> As an inducement to Seller to sell, Buyer represents and warrants that the following are true as of the date hereof and shall be true as of the date of closing:

a. Buyer has the authority to enter into the transaction contemplated hereunder, and the performance of the obligations of Buyer under this Agreement shall not violate any contract or other instrument or any judgment.

b. This Agreement is a legal, valid, and binding obligation of Buyer under this Agreement shall not violate any contract or other instrument or any judgment.

c. Buyer covenants and warrants that it is duly formed and in good standing in the Commonwealth of Pennsylvania, and further it is duly qualified to do business in this Commonwealth.

d. Buyer covenants and warrants that the execution of this Agreement and the sale and conveyance contemplated herein has been duly authorized by the required corporate action and that the member(s) of Buyer executing this Agreement and the

Closing documents have been duly authorized to perform these actions on behalf of Buyer.

c. The performance of the obligations of Buyer under this Agreement will not violate any note, mortgage, security instrument, contract or other instrument or any judgment applicable to Buyer and will be in conformity with all statutory or regulatory authority before the Closing. Buyer shall give Seller prompt notice of any Changes in such representations or if Buyer discovers and of them to be incorrect.

9. Default.

a. Buyer's Default. In the event of Buyer's default under this Agreement, Seller may terminate this Agreement without any obligation or liability whatsoever to Buyer. A "Default" by Buyer shall be material, intentional breach by Buyer of the terms of this Agreement. A failure to secure the approval of the PLCB of the transfer of the License because of protest by neighboring citizens or municipality or by no fault of Buyer shall not be deemed to be material, intentional breach by Buyer.

b. Termination upon Seller's Default. In the event this Agreement is terminated for any reason other than Buyer's default, including termination due to Seller's breach of this Agreement, the PLCB Note shall be marked "CANCELLED" and returned to Buyer and the Deposit shall be returned to Buyer form Escrow Agent. In the event this Agreement is terminated by Seller for any reason other than Buyer's default and expiration of the approval contingency period in Section 4 of this Agreement, Seller shall be liable to Buyer for any non-refundable fees submitted to the PLCB by the Buyer for its application for transfer of the License.

10 Indemnity. Seller shall indemnify and hold Buyer harmless from and against all known or unknown liabilities, claims (including, without limitation, those made by governmental agencies) and obligations arising out of any transaction or occurrence in connection with its prior business, the purchase of the License, or any breach of warranty contained herein.

11 Attorney's Fees. In the event that any party instituted any legal suit, action, or proceeding against the other party to enforce the covenants contained in this Agreement (or obtain any other remedy in respect of any breach of this Agreement or arising out of this Agreement,) the prevailing party in the suit, action, or proceeding shall be entitled, to received, in addition to all other damages to which is may be entitled, the costs incurred by such party in

conducting the suit, action, or proceeding, including reasonable attorney's fees, expenses, and court costs.

12. **Binding Effect; Assignment.** This Agreement, and all rights and powers granted hereby, will bind and inure to the benefit of the Parties hereto and their respective successors, heirs, and permitted assigns, but will not be construed to confer any right or benefit upon any other party. This Agreement and all rights granted herein may be freely assigned by Buyer at any time without notice or the prior consent of Seller.

13. **Inventory.** The Parties agree that no inventory is included in this transaction.

14. **Survival of Conditions.** The Parties agree and acknowledge that any promise, representation, or warranties by either Buyer or Seller set forth herein shall survive after the Closing.

15. **Notices.** All consents, approvals, and other notices required by or given pursuant to this Agreement shall be in writing and shall be sufficient if delivered personally, or if sent by United States certified mail, return receipt requested, with postage prepaid, or if delivered by an express courier service business whose delivery is evidenced by a receipt of said addressed or courier:

> If to Seller:
>
> Shawn Lacey
> 438-444 E. Main St.
> Nanticoke, PA 18634
>
> If to Buyer:
>
> Pizza Althea, LLC
> 2 South Main Street
> Pittston, PA 18235
>
> With a copy to Buyer's Counsel:
>
> Tucker Arensberg, P.C.
> c/o Evan C. Pappas, Esquire
> 300 Corporate Center Drive
> Camp Hill, PA 17011
> epappas@tuckerlaw.com

16. **Brokers.** Seller represents and warrants that a brokerage fee of $7,500 to UD consulting DBA Sofranko Advisory Group shall be paid by Seller and deducted from the Purchase Price at the Closing. Seller shall indemnify Buyer for and hold it forever harmless from and

against all liability for all fees, commissions, or other amounts due or becoming due to any broker or other person who as acted for or on behalf of Seller with respect to the sale hereunder; and all costs, damages, and expenses (including without limitation, litigation and attorneys' fees) incurred by such other party in connection therewith.

17. **Construction.** The captions of the various paragraphs herein contained have be inserted solely for convenience and shall not control, limit, or affect the meaning of construction of any of the provisions hereof. Where used in the Agreement, unless the content otherwise clearly requires: the neuter gender shall include all genders; the plural shall include the singular, and vice-versa; the phrase "this Agreement" and similar references thereto shall include any attached Exhibits; the words "hereof," "herein," "hereunder," and other similar compounds of the word "here" shall refer to this entire Agreement and not to any particular paragraph or provisions hereof. The provided time or times for Buyer's and Seller's performance or observance of their respective obligations hereunder and to the Closing shall be of the essence.

18. **Binding Effect.** The Provisions of this Agreement shall be construed under and enforced in accordance with the laws of the Commonwealth of Pennsylvania and shall be binding upon and inure to the benefit of the named Parties hereto and their respective successors and assigns (subject to the prohibition against assignment hereinbefore contained.) Each of Buyer and Seller represents and warrants that the person or persons signing for or on behalf of such Party is duly authorized to do so.

19. **Cooperation and Further Documents.**

    a. The Parties hereto shall cooperate fully and timely in the performance of their respective duties in order to secure the approval and transfer of the License from Seller to Buyer within the time period herein. If Buyer or Seller is notified by the PLCB of a deficiency in any document or if the PLCB requires a document or documents, then that Party responsible for curing said delinquency or providing said document(s) shall do so in a timely manner upon request being made for same by either Buyer or Seller of the PLCB, as applicable.

    b. In the event a hearing is required by the PLCB, Seller agrees, at Seller's own cost and expense, to appear at any hearing, together with any pertinent witnesses, with

counsel of their choice, to fully cooperate Buyer and Buyer's counsel in presenting evidence and testimony at said hearing.

c. The parties shall cooperate fully and diligently in the performance of their respective duties in order to secure the approval of the transfer of the License from Seller to Buyer within the time period set forth herein.

d. Each Party agrees to execute and deliver such other and further applications, assignments, agreements, and other documents as are reasonably necessary to carry out the terms and provisions of this Agreement and to cooperate with the reasonable requests of the other Party.

20. **Waiver, Modification, or Amendment.** Failure of any Party to exercise any of their respective rights under this Agreement upon the default, nonperformance, or defective performance by any other party of any condition, promise, or provision contained in this Agreement shall not be construed as a waiver of that or any subsequent default, nonperformance, or defective performance. No waiver, release, modification, or amendment of any of the terms, conditions, or provisions of this Agreement shall be valid or relied upon by any Party or offered an any judicial proceeding or otherwise, unless in writing and duly executed by all Parties hereto.

21. **Governing Law; Venue.** This Agreement shall be interpreted and governed by the laws of the Commonwealth of Pennsylvania. The federal and/or state courts in Luzerne County, Pennsylvania shall be the sole and exclusive venue for any litigation or other legal proceedings between the Parties that may be brought or arise out of or in connection with this Agreement.

22. **Integration.** This Agreement, and any subsequent modifications thereof or additions thereto, constitutes and embodies the entire understanding and agreement between the Parties as to the subject matter hereto, completely superseding any prior understandings, negotiations, or terms as to the same, and no conditions, promises, representations, or other terms of agreements not herein expressly set forth may or shall be allowed to contradict, vary, or modify any of the provisions hereof unless set forth in the writing executed by the Parties after the date hereof.

23. **Counterparts.** This Agreement may be executed in any number of counterparts and by different Parties hereto on separate counterparts, each of which, when so executed and

delivered, shall be an original, but all such counterparts shall, together, constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties, each intending to be legally bound hereby, have caused the proper execution of this Agreement as of the day, month, and year first above written.

**SELLER:**

**JAMES DONALD LACEY**

BY: _____

Shawn Lacey, POA

**BUYER:**

**PIZZA ALTHEA, LLC**

BY: _____

Jonathan Reddon, Authorized Member

## EXHIBIT A

### ESCROW AGREEMENT

Seller:     JAMES DONALD LACEY

Buyer:     PIZZA ALTHEA, LLC

Property:     RESTAURANT Liquor License R961; LID No. 9710

Date:     May _____, 2024

A. The Liquor License Purchase Agreement by and between Seller and Buyer of even date herewith for the sale/purchase of the License is incorporated herein by reference. All defined terms in said Agreement shall apply herein; and

B. The laws of the Commonwealth of Pennsylvania and the regulations of the PLCB require that the consideration for the above transfer be held in escrow pending approval of the transfer by the Board; and

C. The Parties desire to complete said transfer and are willing to escrow the consideration for the transfer with Evan C. Pappas, Esq., Attorney at Law with Tucker Arensberg, P.C., pending said PLCB approval.

**NOW THEREFORE**, for good and valuable consideration, the receipt of which is hereby acknowledged, and intending to be legally bound, the undersigned do hereby agree as follows:

1. Escrow Agent in authorized to hold in escrow, in his possession:
   a. A promissory note for FIFTY-ONE THOUSAND DOLLARS AND XX/100 ($51,000.00)

2. Upon notice by the PLCB that it has approved the transfer of the License to Buyer for use at the Premises, the Escrow Agent shall schedule a date for the closing, pursuant to Section 3 of the Agreement. At the closing, Escrow Agent shall deliver the funds and note to Seller, as require by Section 3 of Agreement.

3. Should the Parties desire the PLCB Note to be delivered to a party other than Buyer and Seller, each must so indicate in writing to the Escrow Agent.

4. Should there be any dispute as to the distribution of the funds of other property held in escrow hereunder by Escrow Agent, then, and in that event, Escrow Agent shall not be required to turn over or distribute any such funds or property unless and until Escrow Agent is satisfied, he shall have the right to pay the said funds or property into court and respond or initiate a court action to determine the rightful ownership of said funds or property. Escrow Agent's reasonable attorney's fees and court costs of any such action shall be paid for the funds held in escrow, or in the court determines this to be improper, shall be paid equally, or in such other proportions as the court may determine, by Buyer and Seller.

5. The undersigned hereby hold the Escrow Agent harmless from any damages, injuries, or other loss suffered by the undersigned because of this Escrow Agreement, including any damages due to actions to determine ownership of the escrowed funds and property, as indicated in Paragraph 4 of this Escrow Agreement.

Intending to be legally bound, the Parties have hereunto set their hands and seals.

**SELLER:**

**JAMES DONALD LACEY**

**BY:** _____

       Shawn Lacey, POA

**BUYER:**

**PIZZA ALTHEA, LLC**

_____

Jon Reddon, Authorized Member

**EXHIBIT B**

May \_\_\_, 2024                                                                        $51,000.00

**PROMISSORY NOTE**

PIZZA ALTHEA, LLC ("Payor") promises to pay to JAMES DONALD LACEY ("Payee"), the principal sum of FIFTY-ONE THOUSAND DOLLARS AND 00/100 ($51,000.00), lawful money of the United States of America, with no interest, by certified or cashier's check payable to Payee at the Closing of the purchase of that certain Restaurant Liquor License R961, LID No. 9710 (the "License").

The obligation to pay any amount due under this Note is expressly subject to the terms of the certain Liquor License Purchase Agreement between Payor and Payee of even date herewith relating to the License and is conditional upon the occurrence of the Closing thereunder. This Note may not be varied, amended, or modified except in writing signed by Payor and Payee.

**SELLER:**

**JAMES DONALD LACEY**

BY: _____
           Shawn Lacey, POA

**BUYER:**

**PIZZA ALTHEA, LLC**

_____
Jon Reddon, Authorized Member

**EXHIBIT C**

Pennsylvania Liquor Control Board
Northwest Office Building
Harrisburg, PA 17124-0001

RE:    Restaurant's Liquor License R961, LID No. 9710

To Whom it May Concern:

You are hereby authorized to withdraw from further consideration the application for transfer of the above-captioned liquor license to PIZZA ALTHEA, LLC.

Yours very truly,

**JAMES DONALD LACEY**

BY: _____
Shawn Lacey, POA

JACK N ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE

Via Email: jackz@pamd13trustee.com

DAVID HUBBERT, ESQ.
CHIEF COUNSEL-CIVIL TRIAL SECTION

Via Emai: tax.mail@usdoj.gov

BRUCE D. BRANDLER, ESQ.
US ATTORNEY

Via Email: usapam.contact@usdoj.gov

MERRICK B. GARLAND
U.S. DEPARTMENT OF JUSTICE
ATTORNEY GENERAL'S OFFICE

Via Email: Civil.feedback@usdoj.gov

Joseph J. Swartz, Counsel
PA DEPT OF REVENUE
OFFICE OF CHIEF COUNSEL

Via Email: joseswartz@pa.gov

John Lindinger
Internal Revenue Service

Via Email: john.f.lindinger@irs.gov

Nancy Walker, Secretary
Pennsylvania Department of Labor

Via Email: counsel@pa.gov

Frank W. Miller, Chief
Pennsylvania Liquor Control Board

Via Email: ra-lblicensing@pa.gov